UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOEL RODRIGUEZ ROSALES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1139-J |
| ) | |
| DON JONES, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Petitioner Joel Rodriguez Rosales filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], after which he moved for a temporary restraining order (TRO) seeking to enjoin Respondents from removing him to Mexico. [Doc. No. 11]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who entered two Report and Recommendations recommending that the Court deny his Petition and TRO. *See* [Doc. Nos. 12, 13]. Petitioner filed a timely objection. *See* [Doc. No 15].[1] The Court "applies de novo review to those findings on which Plaintiff specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. 5:20-CV-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

**I.    Background**

On February 3, 2012, Immigration and Customs Enforcement (ICE) deported Petitioner, a Honduran national, to Honduras pursuant to a final administrative order of removal. At an indeterminate time, Petitioner reentered the United States and was eventually re-detained by ICE

---

[1] Petitioner submitted a second duplicate objection. *See* [Doc. No. 16].

in September 2024. In January 2025, after expressing fear of returning to Honduras, an immigration judge granted his request for deferral of removal to Honduras under the Convention Against Torture (CAT). Following the ruling, ICE retained custody and indicated that it would seek potential third countries to which it could deport Petitioner. Petitioner then filed his Petition on September 30, 2025, arguing Respondents violated: (1) 8 U.S.C. § 1231(a)(6) and his Fifth Amendment substantive due process rights by holding him beyond the standard six-month removal period; and (2) his Fifth Amendment procedural due process rights. On October 20, 2025, Respondents notified Petitioner he would be removed to Mexico in the near future after which Petitioner filed his TRO seeking to enjoin his deportation.

## II.    Analysis

Upon review, Judge Mitchell recommended denying Petitioner's TRO as he did not comply with Federal Rule of Civil Procedure 65(b)(1). [Doc. No. 12]. Petitioner raises no specific objection regarding the TRO, and, finding no clear error in Judge Mitchell's recommendation, the Court denies the TRO.

Next, Judge Mitchell recommended finding that Petitioner's detention did not violate § 1231(a)(6) or his Fifth Amendment substantive due process rights as he failed to establish that his "removal is [not] reasonably foreseeable" under *Zadvydas v. Davis*, 533 U.S. 678 (2001). [Doc. No. 13 at 16-19]. Petitioner objects to Judge Mitchell's *Zadvydas* analysis. Obj. at 3-4. In *Zadvydas*, the Supreme Court concluded that "after the [standard] 6-month removal period [expires]," an alien must be released if he shows:

> there is no significant likelihood of removal in the reasonably foreseeable future, [and] the Government [fails to] respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

2

*Id.* at 701 (cleaned up).

Here, Petitioner contends that his removal is not likely or reasonably foreseeable because Respondents "have delayed identifying any [potential] countries in a[] timely manner and instead [have] wait[ed] months in between responses [when] communicat[ing] [with] Petitioner." Obj. at 4. But Respondents report that, as of October 20, 2025, Mexico is willing to accept Petitioner, indicating a significant likelihood of removal, and further represent that Petitioner's deportation is imminent. *See* [Doc. No. 8, Ex. 2 at 4]. And while the Court notes the extended duration of Petitioner's detention, Respondents' representations indicate that this is not the type of "indefinite detention" prohibited by *Zadvydas*. *Zadvydas*, 533 U.S. at 699. Because Petitioner's removal appears likely in the reasonably foreseeable future, the Court finds no violation of § 1231(a)(6) or substantive due process.

Finally, Judge Mitchell recommended denying Petitioner's procedural due process claim because his Petition only generally "challenges removal to any third country" and he is only entitled to "withholding[] relief . . . as to a particular country." [Doc. No. 13 at 13, 15]. Petitioner objects, asserting that he is entitled to withholding proceedings based on "[his] fear of being sent to a third country." Obj. at 4. But, as Judge Mitchell correctly noted, "withholding of removal is a form of 'country specific' relief" and his Petition only seeks generalized withholding relief. *Johnson v. Guzman Chavez*, 594 U.S. 523, 531-32 (2021). Because Petitioner fails to allege a right to withholding relief, his procedural due process claim must fail.

## III.     Conclusion

Accordingly, the Court ADOPTS the Report and Recommendations [Doc. Nos. 12, 13], DENIES Petitioner's TRO [Doc. No. 11], and DISMISSES Petitioner's habeas Petition [Doc. No. 1]. A certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A separate judgment will enter.

    IT IS SO ORDERED this 12th day of November, 2025.

                                                                  _____
                                                                  BERNARD M. JONES
                                                                  UNITED STATES DISTRICT JUDGE